## DAVIS, Agent and Director General of Railroads, v. SCROGGINS.

(Circuit Court of Appeals, Fifth Circuit. November 29, 1922.)

No. 3957.

1. **Master and servant** ⬯286(25), 288(5), 289(19)—**Negligence, contributory negligence, and assumption of risk held for jury on evidence as to car inspector's injury by hole in platform.**

Evidence that plaintiff car foreman in yards of defendant railroad company, in inspecting cars standing alongside a platform was required, at least for convenience, to pass over and along the platform, that a hole had been broken in the platform two years before, of which plaintiff was unaware, that the hole had been open and unprotected for more than a month and that plaintiff stepped into it and was injured, *held* sufficient to take the questions of defendant's negligence and of plaintiff's contributory negligence and assumption of risk to the jury.

2. **Master and servant** ⬯226(1)—**Risk of employer's negligence not assumed.**

An employé is not under duty to exercise care to discover dangers not ordinarily incident to the employment, but which result from the employer's negligence, and does not assume the risk therefrom.

In Error to the District Court of the United States for the Eastern District of Texas; W. L. Estes, Judge.

Action at law by W. M. Scroggins against James C. Davis, as Agent and Director General of Railroads. Judgment for plaintiff, and defendant brings error. Affirmed.

Ras Young, of Longview, Tex., for plaintiff in error.

Cone Johnson and J. M. Edwards, both of Tyler, Tex., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the defendant in error (herein called plaintiff) to recover damages for personal injuries resulting from his foot being caught in a hole in the floor or platform of a loading or transfer shed at Longview Junction, Tex., which belonged to and was used in connection with a railroad controlled and operated by the plaintiff in error (herein called the defendant); such injuries being attributed to alleged negligence of the defendant in permitting such floor or platform to remain in the unsafe condition resulting from the existence of such hole.

[1] Evidence adduced tended to prove the following: Plaintiff was an employee of the defendant, being general car foreman in the defendant's yards at Longview Junction. His duties included the inspection of cars, including those containing interstate shipments of freight, and seeing that bad order cars were properly repaired so that they could be moved out. On February 12, 1920, while plaintiff was engaged in performing those duties, looking for bad order and delayed cars, some of which were then used in interstate commerce, indicated on a list which had been given him by defendant's assistant agent at that place, he went on the platform of the loading or transfer shed, on each side of which platform was a track having a long string of cars

on it, some of the cars on such tracks being on the list mentioned. That platform was about 16 feet wide and about 560 feet long, and was constructed for use in transferring freight by trucks from one car to another. The usual and proper place for the plaintiff to be when looking for and inspecting cars was anywhere in the yards that any of such cars might be. It was customary for him, when engaged in inspecting cars on the tracks on either side of the platform, to use the platform as a passageway, so that the cars on either side could be inspected. While plaintiff was walking along the platform, looking on both sides thereof for cars noted on the list he was using, the heel of his right foot went into a hole in the platform, with the result that he received the injuries complained of. That hole was about 3 or 3½ inches wide, and between 12 and 18 inches long. It was the result of the breaking, by a truck or trucks on which heavy freight was moved, of one of the 2x6 or 2x8 planks with which the floor was made. That hole had existed for about two years. During part of that time a piece of plank was nailed over it, that having been done by an employee who was engaged in transferring freight over the platform with a truck. That piece of plank had been worn or knocked off by trucks passing over it, and the hole had been open for more than a month before the plaintiff was hurt. Some of the planks around the hole were decayed and worn from use. Except where that hole was the platform was in pretty good shape. The testimony of the plaintiff included the following:

"No; I did not know of the hole in the platform and never had any notice that any hole was in the platform, nor did I know of the condition of the planks at and surrounding the hole prior to the time when my foot caught in it. My attention had never in any manner been called to the fact of the hole in the platform or as to the condition of the planks or timbers of the platform at that place. I had been on the said platform many times before this time in question. I do not remember just when before my injury I was on that platform the last time. I had never been on that particular part of the platform where I was injured, that I remember, before the time in question."

Exceptions were reserved to the refusal of a requested charge instructing the jury to return a verdict for the defendant, and to the refusal to give the following requested charges:

"No. 3. You are instructed that, if you find from the evidence that the plaintiff, while walking along on the platform, knew that the hole was in said platform and the dangers arising therefrom, or that, in the exercise of ordinary care for his own safety, he should have known of the hole in the platform and the dangers arising therefrom, he would assume the risk of injury by stepping in said hole, and, if you so find, you will find for the defendant."

"No. 4. You are instructed that, if you find from the evidence that the hole in the platform was open and obvious, and that the plaintiff knew the same was there and knew the dangers arising therefrom, or that, in the exercise of ordinary care for his own safety, the hole was so obvious to his sense of sight that he would be presumed to know that it was there, and the dangers to arise therefrom, he would assume the risk of injury by stepping in said hole, and if you so find you will return a verdict for the defendant."

The defendant also excepted to the following part of the charge given by the court:

"The plaintiff assumed the risk and dangers which were ordinarily incident to his employment and to the work in which he was engaged. But he

did not assume any risk or danger arising from the negligence, if any, of the defendant, unless he knew of the same, or must necessarily have known of the same in the ordinary performance of his duties, while exercising ordinary care and circumspection for his own safety. The plaintiff did not assume the risk or the danger arising from the existence of the hole in the floor of the shed, unless he knew of the same, or must necessarily have known of the same in the ordinary performance of his duties, while exercising ordinary care for his own safety. The plaintiff, Scroggins, had a right to assume that the defendant had performed his duty to keep the floor of the platform in reasonably safe condition, unless, as before stated, he knew of the existence of the hole, or must necessarily have known of the same in the performance of his duties, while exercising ordinary care for his own safety. If, under the evidence and the instructions of the court, you find that the plaintiff assumed the risk and the danger from the existence of the hole, then the plaintiff cannot recover."

The following part of the charge given by the court immediately followed the just quoted part thereof:

"The evidence shows that it was no part of the duty of the plaintiff, as chief car inspector and repairer, to inspect the shed or platform for dangers or defects or to keep the same in repair; but he was required to exercise his ordinary senses of sight and observation, while performing his duties, such as was commensurate with the work in which he was engaged at the time, and such as a person of ordinary prudence would exercise under the same circumstances for his own safety."

Evidence adduced warranted a finding that the plaintiff was expected to use the platform as a passageway when he was engaged in looking for and inspecting cars on the tracks on either side of it. Under the evidence it was permissible to regard the platform as a place where the plaintiff was required or expected to perform duties assigned to him. That being so, it was a duty of the defendant to make that place safe for the plaintiff when there rendering a service required of him. The defendant was liable for a negligent failure to perform that duty. There was evidence tending to prove that the existence of the hole in the platform at the time the plaintiff was hurt was due to a negligent failure of the defendant to remedy or repair the defect. The evidence adduced was such as to make the questions whether the defendant was guilty of actionable negligence charged, and whether the plaintiff was guilty of negligence proximately contributing to the injury, or assumed the risk resulting from the hole in the platform, ones for the jury, under appropriate instructions by the court. It was not error to refuse the requested charge that the jury find a verdict for the defendant.

[2] Refused charges numbered 3 and 4 each involved the assumption that, though the defendant was negligent in permitting the hole to remain in the platform, the plaintiff assumed the risk of injury by stepping in it if, by exercising ordinary care for his own safety, he would have learned of the danger therefrom. That amounted to saying that the plaintiff was under a duty to exercise care to discover the danger. The charges exacted more of the plaintiff than the law requires. The employee is not obliged to exercise care to discover dangers not ordinarily incident to the employment, but which result from the employer's negligence. While an employee assumes the risks and dangers ordinarily incident to the employment in which he voluntarily

engages, so far as these are not attributable to the negligence of the employer, or of those for whose conduct the employer is responsible, the employee has a right to assume that the employer has exercised proper care with respect to providing a reasonably safe place of work, and is not to be treated as assuming a risk that is attributable to the employer's negligence until he becomes aware of it, or it is so plainly observable that he must be presumed to have known of it. Chesapeake & Ohio Ry. Co. v. Proffitt, 241 U. S. 462, 36 Sup. Ct. 620, 60 L. Ed. 1102; Choctaw, Oklahoma & G. R. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. 96; Republic Elevator Co. v. Lund, 196 Fed. 745, 116 C. C. A. 373, 45 L. R. A. (N. S.) 707; United States Smelting Co. v. Parry, 166 Fed. 407, 92 C. C. A. 159. The opinion in the last cited case contained the following:

"It is earnestly contended that it was conclusively shown that the plaintiff assumed the risk and was guilty of contributory negligence because he did nothing to satisfy himself of the security of the scaffold, and because it would have taken but a moment to ascertain how the planks were supported at the east end and whether they were nailed at the other end. The contention cannot be sustained. It is the duty of a master to exercise reasonable care to provide a reasonably safe working place for his servant, and the latter is entitled to act upon the assumption that that duty has been performed, unless the contrary be known to him, or be so patent as to be readily observed by him. He is not required to make an investigation or inspection to ascertain whether or not that duty has been performed, but only to have due regard for what he actually knows and for what is so patent as to be readily observed by him, by the reasonable use of his senses, having in view his age, intelligence, and experience. * * * The evidence before recited made it at least permissible for the jury to find that the insecure condition of the scaffold, although discoverable by an investigation or inspection, was not known to the plaintiff, and was not so patent as to be readily observed by him, without more than a reasonable use of his senses. True, when he was sitting upon the end of the scaffold, he could have leaned over sufficiently to have looked thereunder, and, had he done so, could have seen that no foot lock was there; but he was not required to make even that effort at investigation or inspection, if, as was positively stated by him, nothing occurred to indicate that any of the planks was insecure. And, had he seen that no foot lock was there, he still would have been entitled, in the absence of any indication to the contrary, to assume that the planks had been made secure by nailing at the other end."

Under refused charges 3 and 4 it was incumbent on the plaintiff to exercise care to discover a possible danger in the platform he was using, though, as evidence tended to prove, the task in which he was engaged required him to be looking at cars on the tracks on each side of the platform. That feature of those charges rendered them faulty, with the result that it was not error to refuse them. Decisions in cases involving injuries to employees resulting from dangers which the undisputed evidence showed were known to such employees—for instance, the case of Jacobs v. Southern Railway Co., 241 U. S. 229, 36 Sup. Ct. 588, 60 L. Ed. 970—are not applicable to the facts of the instant case.

A result of testing by the just stated rule of law the above set out part of the court's charge which was excepted to is that the defendant cannot sustain its complaint based upon the giving of that instruction. That part of the charge given embodied the proposition that the plain-

tiff, at or immediately prior to the time when he was hurt, was under a duty to exercise care to discover a possible, but to him entirely unknown and unforeseen, danger in the place where he was working. From expressions in that part of the charge as to the plaintiff exercising care and circumspection for his own safety it was to be inferred that it was incumbent on him to look out for possible perils in his place of work. That feature of the instruction made it unduly favorable to the defendant. Under that instruction, when applied to the evidence, it could have been found that the plaintiff assumed the risk to him from the existence of the hole in the platform, though the evidence did not warrant a finding that that defect and the danger therefrom were so patent or obvious to one engaged as the plaintiff was that he must be presumed to have known of it. The instruction does not call for a finding, as a basis for the conclusion that plaintiff assumed the risk, of a state of facts requiring a presumption that he knew of the hole in the platform. The defendant is not entitled to a reversal because of the giving of an instruction which was unduly favorable to him.

The conclusion is that the record does not show any reversible error. The judgment is affirmed.